**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 5 2020

JAMES W. McCORMACK, CLERK
By:_____ /DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS CLARK, Individually and on
Behalf of All Others Similarly Situated**                     PLAINTIFF

vs.                          No. 4:20-cv-475-KGB

**SOUTHWESTERN ENERGY COMPANY,                    DEFENDANTS
FLYWHEEL ENERGY MANAGEMENT, LLC,**
**and FLYWHEEL ENERGY PRODUCTION, LLC**

This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Thomas Clark ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Southwestern Energy Company, Flywheel Energy Management, LLC, and Flywheel Energy Production, LLC (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Faulkner County.

7. Separate Defendant Southwestern Energy Company ("Southwestern") is a foreign, for-profit corporation, registered to do business in Arkansas.

8. Southwestern also does business as SWN Southwestern Energy.

9. Southwestern's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

10. Southwestern's registered agent for service in Arkansas is National Registered Agents, Inc., at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11. Separate Defendant Flywheel Energy Management, LLC ("Flywheel Management"), is a foreign limited liability company, registered to do business in Arkansas.

12. Flywheel Management's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13. Flywheel Energy Production, LLC ("Flywheel Production"), is a foreign limited liability company, registered to do business in Arkansas.

14. Flywheel Production's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

15. Defendants maintain websites at https://www.valorem-energy.com/ and https://www.swn.com/.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Upon information and belief, around December of 2018, Flywheel Management and/or Flywheel Production acquired Southwestern or the portion of Southwestern in which Plaintiff formerly worked.

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, the revenue generated from Defendants' entities is merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise

21. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

22. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

24. Defendant is an independent oil and natural gas company.

25. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

26. At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

27. Plaintiff worked for Defendant as an hourly-paid Well Tender Pumper from approximately June of 2014 to November of 2017.

28. At all relevant times herein, Defendant directly hired Well Tender Pumpers to work on its behalf, paid them wages and benefits, controlled their work schedules,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. As a Well Tender Pumper, Plaintiff performed duties on Defendant's behalf such as driving to well sites, and monitoring and tending to pumps. Plaintiff and similarly situated employees were also required to perform safety checks on their vehicle before beginning work for the day, and were required to complete paperwork at the end of each day such as entering tickets from well sites and filling out logs.

30. The vehicle safety check took Plaintiff approximately thirty minutes each day to complete.

31. The end-of-day paperwork took Plaintiff approximately one to two hours to complete.

32. Plaintiff spent approximately one to four hours each day driving to well sites.

33. Defendant did not record, and Plaintiff and other Well Tender Pumpers were not compensated for, the time spent driving to the first well site of the day, or the duties they were required to complete before and after well site visits, such as the vehicle safety inspections and paperwork.

34. Because Plaintiff and similarly situated employees were required to perform a safety check on their vehicles before driving to a well site, their drive time is compensable under 29 C.F.R. § 790.6 ("Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked to the same extent as would be required if the Portal Act had not been enacted.").

35. Plaintiff and other Well Tender Pumpers regularly worked over forty hours per week.

36. Defendant directed Plaintiff and other similarly situated employees to not clock in while performing safety checks and driving to their first location, or while completing paperwork at the end of the day.

37. Defendant knew or should have known that Plaintiff and similarly situated employees were working additional hours off-the-clock for which they were not compensated.

38. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

39. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

42. Plaintiff proposes the following class under the FLSA:

**All Well Tender Pumpers in the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were subject to Defendant's common policy of requiring Well Tender Pumpers to perform vehicle inspections and then drive to their first location before clocking in;

B. They were subject to Defendant's common policy of failing to pay Well Tender Pumpers for all hours worked; and

C. They had substantially similar job duties, requirements, and pay provisions.

46. Plaintiff is unable to state the exact number of the class but believes that the class is exceeds twenty (20) persons.

47. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

55. Defendant failed to pay Plaintiff for all hours worked, including one and one-half times his regular rate for all hours worked in excess of forty hours per week.

56. Defendant knew or should have known that its actions violated the FLSA.

57. Defendant's conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

62. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

66. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

67. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

68. Defendant knew or should have known that its actions violated the FLSA.

69. Defendant's conduct, as described above, has been willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

75. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

76. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

77. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

78. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

79. Defendant knew or should have known that its practices violated the AMWA.

80. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

81. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thomas Clark, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**THOMAS CLARK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Lydia H. Hamlet
Ark. Bar No. 2011137
april@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS CLARK, Individually and on**             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.             No. 4:20-cv-\_\_\_\_

**SOUTHWESTERN ENERGY COMPANY,**             **DEFENDANTS**
**FLYWHEEL ENERGY MANAGEMENT, LLC,**
**and FLYWHEEL ENERGY PRODUCTION, LLC**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Southwestern Energy Company, Flywheel Energy Management, LLC, and Flywheel Energy Production, LLC within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ Thomas Clark*
**THOMAS CLARK**
May 5, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**