IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS CLARK, Individually and on**  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:20-cv-475-KGB

**SOUTHWESTERN ENERGY COMPANY**                          **DEFENDANT**

### DECLARATION OF ATTORNEY JOSH SANFORD

Pursuant to 28 U.S.C. § 1746, Josh Sanford declares, subject to the penalties for perjury, as follows:

1. My name is Josh Sanford, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2. I am an attorney licensed and in good standing in the State of Arkansas. I practice law with the law firm of Sanford Law Firm, PLLC (hereinafter "Sanford Law Firm"), which is located in Little Rock, which I founded in Russellville in 2001. I opened an office in Little Rock in 2009 and then began to predominantly practice in the Arkansas District Courts, together with a busy Western District of Texas practice. We have had eight offices throughout the U.S., and we have had attorneys living and working in five states.

3. I practice law full-time, and I manage the other attorneys in the Sanford Law Firm. *See* "Team," Sanford Law Firm, https://www.sanfordlawfirm.com/team/ (last viewed 14 January 2022).

4. Including cases now pending, I have prosecuted over 200 wage lawsuits in Texas in the last eight years. Some of these were arbitrations.

5. Including cases now pending, I have prosecuted over 500 wage lawsuits in Arkansas in the last ten years.

6. Sanford Law Firm was recently recognized as being the premier prosecutor of wage theft violation cases in all federal courts across the United States. https://unicourt.com/blog/us-district-courts-labor-litigation-2020/ (last visited January 15, 2024).

7. In the course of my law practice, I engage in a significant amount of wage and hour litigation—specifically cases arising under the FLSA and the comparable AMWA. A significant portion of my case load is in various federal courts around the United States, including trial work in cases arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the FLSA, and the Family and Medical Leave Act.

8. I am licensed to practice law in all state and federal courts in the States of Arkansas, Colorado and Texas. I am also actively engaged in appellate practice. I have handled cases before almost all county Circuit Courts in the Central and River Valley regions of Arkansas, the United States District Courts for the Eastern and Western Districts of Arkansas, the United States District Courts for the Eastern, Southern, Northern and Western Districts of Texas, United States District Court for the Northern District of Oklahoma, United States District Court for the Southern District of Ohio, the United States District Court for the District of Colorado, the United States District Court for the Eastern District of Michigan, the District Court of Nebraska, the United States District Court for the District of Oregon, and the Fifth, Sixth and Eighth Circuit Courts of Appeals—as well as several other district courts.

9. There is no group of attorneys within 600 miles of Little Rock who have

experience comparable to Sanford Law Firm in wage litigation. Including cases currently being prosecuted throughout the country today, Sanford Law Firm has prosecuted over 1,300 wage cases in federal and state courts and in arbitration proceedings. In 2018, only one firm in the United States initiated more wage violation prosecutions than Sanford Law Firm. In 2020, as noted above, Sanford Law Firm ranked first.

10. In 2005, I was voted "Best Attorney" (tie) in a readers' poll published by *The Courier* in Russellville, Arkansas. Subsequently, in 2008, I served as the President of the Pope County Bar Association. In addition, I am or have been a member of the American, Arkansas, and Pope County Bar Associations, the Arkansas Trial Lawyers Association and the National Employment Lawyers Association.

11. I have been lead counsel on numerous wage and hour cases filed in United States District Courts throughout the nation, including the following: *Craig Lyons, et al. v. Con Agra*, 4:12-cv-245-JM (E.D. Ark.) (over 790 plaintiffs); *Keyli Cruthis, et al. v. Visions, et al.*, 4:12-cv-244-KGB (E.D. Ark.); *James Finley v. Universal Pressure Pumping, Inc.*, SA:12-ca-0654-OG (Western District of Texas); *Michael Alexander v. Hahn Appliance Center, Inc.*, 12-CV-257-CVE-TWL (N.D. Okla.); *Chad Lochridge, et al. v. Lindsey Management, et al.*, 5:12-CV-5047-JLH (W.D. Ark.); *Bill Hollomon, et al. v. AT&T Mobility Services, LLC*, 4:11-cv-600-BRW (E.D. Ark.); *Jeffrey Bacon, et al. v. Eaton Aeroquip, LLC*, 2:11-cv-14103-GD (E.D. Mich.); *Karen "Kay" Roland v. Sharp County Post 336, et al.*, 1:11-CV-85-DPM (E.D. Ark.); *Bennie Watson, et al. v. Surf-Frac Wellhead Equipment Company, Inc.*, 4:11-CV-843 (JLH) (E.D. Ark.); *Robert Terry, et al. v. City of Ola*, 4:11-cv-11-645 (JLH) (E.D. Ark.); *Donald Bateman, et al. v. Frac Tech Services, LLC*, 6:11-cv-708 (E.D. Tex.); *Kalie Brown, et al. v. Barney's Barn, Inc., d/b/a/ Peaches Gentlemen's*

*Club*, 4:11-cv-224 (SWW) (E.D. Ark.); *Jason Phillips v. Oil Patch Water and Sewer Services, LLC, et al.*, 4:11-cv-776 (JLH) (E.D. Ark.); *David Delock, et al. v. Securitas Security Services USA, et al.*, 4:11-CV-520 (DPM) (E.D. Ark.); *Karen Springs, et al. v. First Student, Inc.*, 4:11-CV-240 (BSM) (E.D. Ark.); *Teramura v. Walgreen Co.*, 5:12-cv-5244-JLH (W.D. Ark.), and many others.

12. I have also been lead counsel on numerous wage and hour cases that resulted in settlements or judgments in favor of my clients including the following: *Coby Pearce v. Frac Tech Services, LLC*, No. 4:12-cv-651-JLH (E.D. Ark.); *Nicole Collins v. Barney's Barn, Inc., et al.*, No. 4:12-cv-685-SWW (E.D. Ark.); *Joseph Gauthier, et al. v. Trican Well Service, L.P.*, No. 6:13-cv-46-LED (E.D. Tex.); *Jason Roche, et al. v. S-3 Pump Service, Inc.*, No. 5:15-cv-268-XR (W.D. Tex.); *Kristen Whitworth, et al. v. French Quarter Partners, LLC*, No. 6:13-cv-6003-RTD (W.D. Ark.); *Robert Terry v. Yell County Ark.*, No. 4:13-cv-408-SWW (E.D. Ark.); *Jessica Guinn v. D J Trucking*, No. 4:13-cv-559-KGB (E.D. Ark.); *Maria Romero de Lopez, et al. v. Ozark Mountain Poultry, Inc.*, No. 5:13-cv-5272-TLB (W.D. Ark.); *Sean Jordan v. Big E. Foods, Inc.*, No. 4:14-cv-205-BRW (E.D. Ark.); *Patricia Hernandez, et al. v. Simmons Foods, Inc.*, No. 5:14-cv-5159-JLH (W.D. Ark.); *Sean Schneider v. Habitat for Humanity International, Inc.*, No. 5:14-cv-5230-TLB (W.D. Ark.); *Pedro Espinoza v. Car-Son Construction, LLC*, No. 4:14-cv-467-KGB (E.D. Ark.); *Sheila Lyles v. City of Trumann, Ark.*, No. 3:14-cv-210-DPM (E.D. Ark.); and *Kellie McCartney v. Baily and Thompson Tax and Accounting, P.A.*, No. 4:14-cv-561-SWW (E.D. Ark.).

13. I have also been lead counsel on several wage and hour cases in which collective actions have been granted including *Sam Adams v. United Cerebral Palsy of*

*Central Ark., Inc.*, No. 4:16-cv-930-JLH (E.D. Ark.); *James Harris, et al. v. Express Courier International, Inc.*, No. 5:16-cv-5033-TLB (W.D. Ark.); and *Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC*, No. 5:15-cv-432-XR (W.D. Tex.), and dozens of others.

14. In addition to wage cases throughout Arkansas and Texas, we have also filed cases in Ohio, Kentucky, Tennessee, North Carolina, South Carolina, Florida, Georgia, Alabama, Mississippi, Louisiana, Missouri and Illinois. Many of these lawsuits are or were group or collective actions, as well as several class actions under Rule 23.

15. Collectively, cases filed by the Sanford Law Firm since 2009 have resulted in far more than $13,000,000.00 in settlements and judgments for wage and hour violations for more than three thousand clients across the nation.

16. I am familiar with the customary and reasonable fees charged by myself and by other attorneys in the Eastern and Western Districts of Arkansas. Generally, the customary and reasonable fee charged for federal court work by local attorneys in U.S. District Courts in Arkansas is $150 to $350 per hour, depending upon experience and specialty. There are certainly others who charge higher than that range. The most natural comparators to the attorneys of Sanford Law Firm are practitioners at national firms that concentrate on employment law matters. Attorneys in that category charge between $400.00 and $450.00 per hour for work on federal cases in Arkansas.

17. The rates charged by Sanford Law Firm's attorneys are reasonable. The rates are reflective of the number of years each attorney has practiced, the attorneys' expertise in employment issues such as the FLSA, the contingent nature of an award of fees, the rates charged by other attorneys specializing in FLSA work, and orders from this

District. The staff time and hourly rate for the Sanford Law Firm below are likewise reasonable and comparable.

18. Individual billing requested in this case, including the requested hourly rates for each attorney and support staff member, is summarized below:

| Billed By | Rate | Time | Value |
|---|---|---|---|
| Josh Sanford | $383.00 | 6.25 | $2,393.75 |
| Colby Qualls | $150.00 | 15.20 | $2,280.00 |
| Courtney Lowery | $150.00 | 2.00 | $300.00 |
| Karolina Viehe | $250.00 | 7.90 | $1,975.00 |
| Laura Edmondson | $150.00 | 2.90 | $435.00 |
| Lydia H. Hamlet | $285.00 | 39.00 | $11,115.00 |
| Vanessa Kinney | $300.00 | 23.6 | $7,080.00 |
| Law Clerk | $75.00 | 9.00 | $675.00 |
| Paralegal | $100.00 | 13.70 | $1,370.00 |
| **Grand Total** | | **119.55** | **$27,623.75** |

19. Each attorney's hourly rates are supported by their skills and experience, some of which are described more thoroughly below:

   a. Attorney Colby Qualls graduated from the University of Central Arkansas ("UCA"), Summa Cum Laude, in 2015 with a B.A. in Political Science and Sociology. After graduating from UCA, he attended the William H. Bowen School of Law and the Clinton School of Public Service to pursue concurrently a law degree and Master of Public Service. While attending law school, he served on the UA Little Rock Law Review Editorial Board and the Bowen Competition Trial Team, and he earned a Top Paper Award, among other classes, in Employment Law. Mr. Qualls was admitted to practice in the State of Arkansas in 2019. Prior to joining Sanford Law Firm, Mr. Qualls clerked for a superior court judge in Anchorage, Alaska. He moved back to Arkansas in early 2020, where he practiced civil litigation in Little Rock. His practice with Sanford Law Firm focuses on employment litigation, particularly the Fair Labor Standards Act (FLSA) and Arkansas Minimum Wage Act (AMWA) litigation.

   b. Attorney Courtney Lowery graduated magna cum laude from the University of Arkansas at Little Rock, William H. Bowen School of Law in 2019. She served on the Law Review Editorial Board and was a member of the Student Animal Legal Defense Fund as well as the student chapter of Arkansas Association of Women Lawyers. During law school, Ms. Lowery was a law

clerk for the Sanford Law Firm and joined the firm after taking the Arkansas Bar Exam. Both as a law clerk and an attorney, her practice focused heavily on employment law litigation. In a short time, Ms. Lowery has become an expert in screening and drafting FLSA claims and has already obtained favorable settlements for several clients. In 2020, no attorney in the United States drafted more FLSA lawsuits than Ms. Lowery.

c.  Attorney Karolina Viehe graduated magna cum laude from Valparaiso University School of Law in 2012. Ms. Viehe was an Honors Program Participant. Her practice focuses primarily on employment law, including the FLSA. While attending law school, Ms. Viehe served as the President of Amnesty International Association and was a member of the Intellectual Property Law Association. Also as a law student, Ms. Viehe served as the Judicial Extern for the Honorable Magistrate Judge William G. Hussmann of the U.S. District Court for the Southern District of Indiana and as Certified Legal Intern for the Vanderburgh County Prosecutor's Office.

d.  Attorney Laura Edmondson obtained her law degree from the University of Arkansas School of Law in Fayetteville, Arkansas, graduating Magna Cum Laude in 2021. During her final year in law school, Ms. Edmondson served as Executive Editor of the Journal of Food Law & Policy, and also clerked at several law firms around Little Rock Arkansas, including Sanford Law Firm. Ms. Edmondson also volunteered at Legal Aid of Arkansas in Springdale, Arkansas, where she received the Outstanding Volunteer Student Attorney Award in 2020. Since joining Sanford Law Firm, Ms. Edmondson's practice has focused on employment litigation, particularly the Fair Labor Standards Act (FLSA) and Arkansas Minimum Wage Act (AMWA) litigation.

e.  Attorney Lydia Hamlet is a 2010 graduate of Mississippi College School of Law. Ms. Hamlet is admitted into practice in the States of Arkansas and Mississippi and is a member of the Arkansas Bar Association, Pope County Bar Association, Mississippi Bar Association and Hinds County Bar Association. Ms. Hamlet has served as lead counsel on numerous bench trials in various Arkansas Circuit Courts and has focused her practice on domestic relations and employment law. Ms. Hamlet also holds a Master of Arts in Psychology.

f.  Attorney Vanessa Kinney is a 2007 high honors graduate of the University of Arkansas at Little Rock, William H. Bowen School of Law, graduating eighth in her class. While attending law school, Ms. Kinney was a member of the University of Arkansas at Little Rock Law Review, and had an article published in the Winter of 2006 issue. While attending Law School, Ms. Kinney served in the Law School's Litigation Clinic under special license to practice law under the supervision of a licensed attorney. Since joining Sanford Law Firm, Ms. Kinney has served as both lead attorney and co-

counsel on bench and jury trials in both federal and state courts. Ms. Kinney has practiced in wage and hour, particularly the FLSA and AMWA, work since 2010. She currently focuses primarily on briefing issues in FLSA cases, and has briefed several appeals to the Eighth Circuit

20. The Sanford Law Firm's work focuses on representing workers in employment matters, and its lawyers focus their practices in the area of the FLSA and similar wage-and-hour cases. In the community of attorneys who focus their practice in this area of the law, the Sanford Law Firm has a strong reputation for its quality of work and diligent representation of its clients.

21. The lawyers at the Sanford Law Firm often have opportunities for greater responsibility and experience than many of their peers in the legal community with the same years of experience practicing law. What I mean by this is that because of the management style at the Sanford Law Firm, lesser-experienced attorneys are able to independently manage their own cases with the oversight of more experienced attorneys and are supported by a firm culture of collaboration and accessibility to all Sanford Law Firm attorneys. Lesser-experienced attorneys with Sanford Law Firm find themselves effectively navigating litigation with far more experienced opposing counsel, as well as successfully taking on far more responsibility than many of their peers of equal experience at other law firms.

22. Due to this culture of personal responsibility, conferences between attorneys of differing levels of experience ensure that less experienced attorneys receive the benefits of the skills and knowledge of more experienced attorneys.

23. I am aware of the customary rates for attorneys of various skill levels who focus their practice in the area of labor and employment in Central Arkansas and the hourly rates charged by Sanford Law Firm attorneys are in line with those rates.

24. I have gained my knowledge of hourly rates charged through my own practice in Central Arkansas, as well as by practicing with or having conversations with other attorneys who practice in the Central Arkansas area, including Brent Wakefield, John Brown, Paul Pfeifer, and practitioners at the many national defense firms that appear in Sanford Law Firm's cases.

25. Sanford Law Firm represented Plaintiff in this case on a contingency basis and paid all out-of-pocket costs, including filing and service fees, copying costs, and other such expenses without any assurances that fees or costs would be recovered. The "contingency" fee award sought by Sanford Law Firm is not a contingency fee in the traditional sense whereby an attorney takes a portion of the plaintiff's recovery. Rather, Sanford Law Firm relies on the fee-shifting provisions of the FLSA and AMWA to recover their fees in this case.

26. Not only is there no guarantee that any fees and costs will be recovered in a contingency fee case, but any recovery made will be delayed as compared to clients who make up-front or monthly payments as litigation proceeds. In contingency fee cases, an attorney is not paid for months or even years, depending on how long it takes for litigation to conclude.

27. This type of work is time-consuming and rigorous, and the amount of time spent by our firm at each step in this case is reasonable. It is not uncommon in the course of my practice for clients with similar cases to incur attorney's fees that are as much as or more than those in this case.

28. With these matters in mind, I reviewed the hourly rates for the attorneys and staff that the Sanford Law Firm is seeking in this case.

29.    Based on my experience and knowledge, it is my opinion that these hourly rates are reasonable given the attorneys' skills, expertise, and reputations, and they are within the range of rates awarded to attorneys with similar backgrounds and experience.

30.    The request for attorney's fees and costs is based upon contemporaneous time and expense records maintained by Sanford Law Firm as a matter of ordinary and customary business practice. The time and billing records identify the amount of time expended, the tasks performed, the rate of the particular timekeeper involved, and the costs incurred. A true and accurate copy of a spreadsheet reflecting relevant legal services rendered and time expended on this case through December 14, 2023, is attached to Plaintiff's Motion for Costs and Attorneys' Fees as Exhibit 1 (hereinafter "Billing Spreadsheet").

31.    Each task reflected in the attached Invoice was necessary to the successful resolution of this matter; the hours expended were actually expended on the topics stated; the time spent on each task was reasonable; and the rates claimed are also reasonable.

32.    The time spent reviewing, categorizing and reducing fees reflected in the Billing Spreadsheet is reasonable because it reflects the exercise of billing judgment and allows the charges to be sorted by attorney and category of work to assist the Court in understanding the charges reasonably incurred by the Sanford Law Firm in this case.

33.    Each billing entry in this case has been categorized according to its particular purposes in order to assist the Court in understanding how time was expended in this case. This information is summarized below:

| Category | Time | Value |
|---|---|---|
| Case Management | 8.00 | $1,475.50 |
| Client Communication | 3.00 | $580.50 |
| Complaint/FAC/Summons/Service | 11.20 | $2,935.10 |
| Conditional Certification | 18.00 | $3,057.30 |
| Damages | 7.40 | $1,100.00 |
| Discovery Related | 8.80 | $1,500.50 |
| Fee Petition | 7.60 | $1,900.00 |
| In House Communication | 15.10 | $4,018.80 |
| Motion for Summary Judgment | 2.90 | $840.40 |
| Motion to Dismiss | 26.25 | $7,926.95 |
| Opposing Counsel Communication | 9.70 | $2,075.40 |
| Settlement Related | 1.6 | $213.30 |
| Grand Total | 119.55 | $27,623.75 |

34.     The categories of work summarized above were developed by Sanford Law Firm to assist this Court in determining the reasonableness of fees. Categorizing individual charges is more of an art than a science, meaning some charges might fit well into more than one category, but good faith efforts were made to put each billing entry into the category that best defined it. Some of the categories described above are relatively self-explanatory, while others benefit from some explanation, as set forth below.

35.     The category "Complaint/First Amended Complaint/Summons/Service," involves conducting preliminary investigations, drafting the initial Original Complaint as well as the First Amended Complaint in this case and doing the work involved in getting the case filed and served, including conferences with process servers and staff. The time spent in this category of work is reasonable on its face.

36.     Among the categories reflected in the spreadsheet, and sometimes encompassed by other categories, are conferences between the attorneys of the Sanford Law Firm, as well as between attorneys and staff of the Sanford Law Firm, referred to as

"In House Communication." This category also includes time spent reviewing Intra-Office Memos (IOM) relating to deadlines, tasks to be completed and other action items. These conferences are critical to the success of cases like this one because they improve the efficiency and quality of attorney work. Tasks can be delegated to Sanford Law Firm attorneys who are more experienced in certain types of projects or topics to increase the speed, accuracy or quality for accomplishing the task, or to attorneys whose hourly rates are lower to keep costs down, especially where the speed at which a task can be accomplished will be largely the same regardless of who performs the task. In the case of collective actions, in-house conferences allow attorneys to share the load of multi-plaintiff litigation.

37. Attorney conferences also increase efficiency because they allow attorneys to share their specific legal knowledge of particular topics, thereby preventing an attorney who is working on a project from having to spend time doing the research, creating a new legal form, or otherwise "re-inventing the wheel." In this way, even less experienced attorneys are able to work more efficiently and with greater quality than other attorneys of comparable experience. In fact, this "communal" knowledge benefits even more experienced attorneys who may be assisted by a less experienced attorney who simply has a particular skill set or knowledge of a topic that can be quickly shared through communication.

38. Because of Sanford Law Firm's collective knowledge of and experience in FLSA work and use of attorney collaboration, Plaintiff's counsel were able to complete tasks efficiently, which served to keep billing lower than it would have been without that knowledge, experience and collaboration.

39. Attorney-client communication, reflected in the "Client Communication" category, are also critical to the success of Sanford Law Firm cases. First, all communication from clients is important. In my experience, when a client feels he or she is being ignored by attorneys, that reduces the level of trust between the client and the attorney, which damages the attorney-client relationship. This, in turn, makes quality representation of the client extremely difficult and reduces efficiency. Further, attorneys must trust that their clients are reliable and accessible. Approaching deadlines, settlement conferences, and other issues in a case often demand immediate client response, so a healthy attorney-client relationship is a necessary part of the litigation process.

40. Participating in and conducting discovery is also an important aspect of litigating a case, which is covered by the "Discovery Related" category of billing. Generally speaking, "Discovery Related" includes more formal discovery such as completing initial disclosures, responding to Interrogatories and Requests for Production of Documents served by opposing counsel as well as drafting and serving Interrogatories and Requests for Production of Documents, as well as more informal types of discovery, such as fact investigation and internet searches. Both formal and informal discovery are important to litigation in all respects, including making decisions about how to proceed in the case, selecting and prepping witnesses, and calculating damages. In this case, the parties exchanged written interrogatories and requests for production of documents as well as producing mandatory disclosures.

41. Discovery responses and document exchange were utilized for purposes of assessing liability, calculating damages and facilitating settlement negotiations. The time spent engaged in these activities is clearly reasonable.

42. The time spent on the category of "Damages" is likewise reasonable. Calculating damages under the FLSA, both individually and in a collective, is often a complicated and time-consuming process requiring an understanding of the various categories of damages available under the Act. It is a critical component of FLSA cases and not one that can be left to clerical staff without attorney supervision because of its importance, as well as the variety of relevant factors to be applied and the use of judgment in applying those factors.

43. This case involved substantial motions practice, and efforts were made to capture the time spent on such motions in individual categories as much as possible. With respect to summary judgment motions in particular, categorization posed some unique challenges. For the Court's convenience, efforts were made to include the work related to each motion in its own category, more fully described below. The work performed in these categories was reasonable and necessary to the progress of this case.

44. Conditional Certification: This category involves the work of obtaining collective action certification pursuant to the FLSA's collective action procedures. This work included the drafting of Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information, as well as the supporting brief, exhibits and reply briefing.

45. Motion for Summary Judgment: This category includes work related to Motion for Summary Judgment filed by Defendants and Motions to Dismiss: This category includes work related to Defendants' Motions to Dismiss.

46. The "Settlement Related" category involves efforts by counsel for Plaintiff to reach a settlement agreement, including working with settlement documents. The

amount of time spent on this work was reasonable.

47.  The category "Case Management" involves a wide variety of items geared toward progressing a case. Case Management includes work such as reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, contact with the Court and Court staff, legal research and other work that is necessary the case but that does not fall into one of the other categories of work identified in the Billing Spreadsheet. The time spent engaged in this work is reasonable.

48.  The "Opposing Party Communication" category includes communications with Counsel for Defendant in this case, including phone calls, as well as drafting, sending and receiving emails to and from Counsel for Defendant. The time devoted to this category of work is reasonable.

49.  The "Fee Petition" category of work involves work related to the preparation and drafting of Plaintiff's Motion for Costs and Attorneys' Fees, including drafting the motion, supporting brief, and the current declaration, as well as time spent working with billing, including reviewing, categorizing, and reducing billing, as well as ensuring protection of attorney-client privilege in producing billing.

50.  One of Sanford Law Firm's strengths is its array of attorneys with specialized knowledge or particular areas of expertise that can participate in cases where their unique skill sets are appropriately utilized. Not every attorney has to know everything about the FLSA, damages calculations, negotiation strategy, settlement agreements, or other aspects of litigation because every Sanford Law Firm attorney has access to all of the other Sanford Law Firm attorneys and their collective knowledge. This saves time because individual attorneys can gain knowledge through brief conversations with other

attorneys rather than through time-consuming legal research on an issue. Even where legal research is required, the focus of that research can often be narrowed through consultation with other attorneys.

51.     Specific examples of Sanford Law Firm's utilization of attorney skills include: I directed case strategy and provided some supervision, as I do with most Sanford Law Firm cases. Attorneys Colby Qualls and Lydia Hamlet were the primary attorneys that worked on this case. Attorney Vanessa Kinney was a member of Sanford Law Firm's drafting team, specializing in briefing issues such as summary judgment and motions to dismiss, making her work responding to Defendants' motions both appropriate and efficient. Attorney Karolina Viehe is also a member of Sanford Law Firm's drafting team, and has extensive experience preparing fee petitions, making her ideally suited to perform this limited task in this case.

52.     Where appropriate, Sanford Law Firm attorneys also delegate work to paralegals, law clerks and staff. The hourly rates charged for Sanford Law Firm's paralegals, law clerks and staff are reasonable and in line with hourly rates for paralegals, law clerks and staff by other firms in and around the central Arkansas area. The work performed by support staff members in this case was necessary to the litigation and the time spent on those tasks was reasonable.

53.     In preparing to support Plaintiff's Motion for Costs and Attorneys' Fees, Sanford Law Firm exercised billing judgment in calculating the lodestar, reviewing records of hours worked and writing off entries for time spent on tasks which could be viewed as unproductive, excessive, redundant, or which were otherwise deemed as appropriate for writing off completely or reducing as part of Plaintiff's request for reasonable attorneys'

fees in this case. Items deducted or reduced also included items for which billing was insufficiently clear to describe how the time was spent, a portion of in-house conferences, a portion of time related to case management and other items where appropriate. As a result of this good faith review, the total billing was reduced from $39,060.85 to $27,623.75.

54. In making reductions, Sanford Law Firm took into consideration prior judicial admonishments, including those of this Court. *See e.g.*, *Thomas v. Viskase Co.*, No. 3:19-cv-330-DPM, 2022 U.S. Dist. LEXIS 87017 (E.D. Ark. May 10, 2022); *Carden v. Logan Ctrs., Inc.*, No. 3:19-cv-167-DPM, 2022 U.S. Dist. LEXIS 179483 (E.D. Ark. Sep. 28, 2022); *Rorie v. WSP2, LLC*, No. 20-2105, Doc. No. 60 (W.D. Ark., Filed 20 Oct. 20201); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474 (W.D. Ark. Mar. 8, 2016). For example, all billing was deducted for "Staff," which represents time spent by staff members other than Paralegals and Law Clerks. Efforts were also made to reduce clerical items.

55. To reduce concerns of overstaffing, Sanford Law Firm removed all billing for certain attorneys even though the attorneys provided support, guidance or other assistance in this case, including time for Attorneys Steve Rauls, Stacy Gibson, Sean Short, Samuel Brown, Daniel Ford, April Rhéaume and Anna Stiritz. These examples are not the extent of deductions made, but serve as to demonstrate the effort made by Plaintiff to remove any inefficiency and reduce the number of individual billers on this case, even for time that was both necessary and billable.

56. Also, to reduce concerns over overstaffing and resulting inefficiencies, the "In House Communication" category was reduced substantially.

57. Any billing entries that were completely deducted during this review (meaning the time requested was reduced to zero) were wholly removed from and do not appear in the Billing Spreadsheet, but were preserved and may be produced upon request. Prior to making reductions, the total relevant billing was $39,060.85, with 171.35 hours billed by the attorneys and support staff that performed relevant work on this case.

58. In addition, court costs and recoverable expenses were also incurred in this matter. These costs, totaling $716.30, are included in the Costs Invoice attached as Exhibit 3 to Plaintiff's Motion for Costs and Attorneys' Fees. The costs and expenses detailed in the Invoice that have been advanced by the Sanford Law Firm on behalf of Plaintiff, and which Plaintiff is contractually obligated to reimburse Sanford Law Firm out of any recovery in this case.

59. The amount of the costs requested is correct. The costs stated were necessarily incurred during the case, the services giving rise to the costs were actually and necessarily performed.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 16th day of January 2024.

/s/ Josh Sanford
**JOSH SANFORD**