IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS CLARK, Individually and on**             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.             No. 4:20-cv-475-KGB

**SOUTHWESTERN ENERGY COMPANY**             **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Named Plaintiff Thomas Clark, individually and on behalf of all others similarly situated (together with Named Plaintiff, "Plaintiffs"), and Defendant Southwestern Energy Company ("Defendant"), by and through their respective undersigned counsel, submit this Joint Motion for Approval of Settlement and Dismissal with Prejudice and state as follows:

1. On May 5, 2020, Named Plaintiff, individually and on behalf of all others similarly situated, filed suit against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). (Dkt. No. 1). Plaintiff subsequently non-suited the AMWA claim. (Dkt. No. 10). Specifically, Named Plaintiff alleged that Defendant failed to pay him and all others similarly situated, for time spent driving to and from job sites, and time spent doing additional administrative duties, such as performing safety checks and completing paperwork, which resulted in Named Plaintiff and all others similarly situated being deprived of regular and overtime wages. *Id.*

2. On March 4, 2021, Named Plaintiff filed a Motion for Conditional Certification seeking certification of a collective consisting of "All Well Tender Pumpers

Page 1 of 5
Thomas Clark, et al. v. Southwestern Energy Company, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Joint Motion for Approval of Liability Settlement

employed by Defendants at any time on or after May 5, 2017" and requesting the issuance of Notice and Consent forms to those current and former employees. (Dkt. No. 28).

3. During the pendency of the conditional certification motion, the Parties exchanged discovery, including time and payroll records for each Plaintiff.

4. This Court granted the Motion in part on March 31, 2022, conditionally certifying a collective consisting of "Field Operators who worked in West Virginia, in the three-year period preceding the filing of the complaint." (Dkt. No. 46). The Court also allowed the issuance of Notice by U.S. mail and email. *Id.*

5. An opt-in period ensued, and 11 individuals who returned a Consent to Join form, including Named Plaintiff, are now taking part in the settlement.

6. Thereafter, the Parties entered into arm's-length settlement negotiations and ultimately reached a settlement. The Parties seek this Court's approval of their agreement as memorialized in the fully executed Settlement Agreement attached as Exhibit 1 ("Agreement").

7. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e will assume without deciding that the district court has a duty to exercise some level of review of the Agreement."). The district court must determine that "the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Bryson v. Patel*, No. 4:20-CV-00065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15,

Page 2 of 5
Thomas Clark, et al. v. Southwestern Energy Company, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Joint Motion for Approval of Liability Settlement

2021) (internal quotations and citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (the adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement).

8. Ultimately, if the proposed FLSA settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Bryan v. Mississippi Cty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *1 (E.D. Ark. May 12, 2020) (approving proposed liability settlement that was "[a]ll material things considered, … fair, reasonable, and adequate"); *Sims v. Goodwill Industries of Arkansas, Inc.*, No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019) (approving proposed settlement that both provided a reasonable recovery to the plaintiff and furthered the implementation of the FLSA in the workplace).

9. The Agreement was reached after extensive, arm's-length negotiations between experienced counsel, and it settles specific bona fide wage and hour disputes. Specifically, Plaintiffs allege that they were owed a significant amount of wages for hours which went unrecorded and uncompensated, as well as for unpaid overtime. Defendant avers that it paid Plaintiffs sufficient wages for all hours worked.

10. Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

Page 3 of 5
Thomas Clark, et al. v. Southwestern Energy Company, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Joint Motion for Approval of Liability Settlement

11. This settlement was driven by ongoing expense associated with further litigation and Defendant's potential exposure posed by each Plaintiff's alleged damages. To arrive at their estimated damages, Plaintiffs' counsel reviewed each Plaintiff's weekly pay, amount of recorded hours, estimate of weekly hours worked off-the-clock, and the applicable minimum wage. Using this information, Plaintiffs' counsel were able to determine the amount of alleged lost wages for both minimum wage and overtime violations for each Plaintiff.

12. Each Plaintiff is receiving a percent of the settlement fund that corresponds with their individual damages, as compared to the other Plaintiffs in the case. This was a reasonable compromise, primarily due to the fact that the Parties vigorously disputed the number of hours actually worked by Plaintiffs in each given week.

13. The Parties jointly submit this request for approval of the Settlement Agreement as requested herein. The Parties request that following the Court's approval of the Agreement, the Court retain jurisdiction for the enforcement of the Agreement and to resolve the issue of attorneys' fees and costs, which is currently being briefed by the Parties.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an Order approving the Settlement Agreement, retaining jurisdiction for the purpose of enforcing the terms of the Agreement and to resolve the issue of attorneys' fees and costs, and for all other relief to which they are entitled.

Page 4 of 5
Thomas Clark, et al. v. Southwestern Energy Company, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Joint Motion for Approval of Liability Settlement

                Respectfully submitted,

                **THOMAS CLARK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

                SANFORD LAW FIRM, PLLC
                Kirkpatrick Plaza
                10800 Financial Centre Pkwy, Suite 510
                Little Rock, Arkansas 72211
                Telephone: (800) 615-4946
                Facsimile: (888) 787-2040

                Josh Sanford
                Ark. Bar No. 2001037
                josh@sanfordlawfirm.com

**and**    **SOUTHWESTERN ENERGY COMPANY, DEFENDANT**

                FOLEY & LARDNER LLP

                Val J. Albright
                Ark. Bar No. 77512
                2021 McKinney Avenue, Suite 1800
                Dallas, Texas 75201
                Telephone: (214) 999-3000
                Facsimile: (214) 999-4667
                valbright@foley.com

                */s/ Rachel Powitzy Steeley*
                Rachel Powitzky Steely
                Federal Bar No. 19170
                1000 Louisiana Street, Suite 2000
                Houston, Texas 77002
                Telephone: (713) 276-5500
                Facsimile: (713) 276-5555
                rsteely@foley.com
                *Admitted Pro Hac Vice*

**Page 5 of 5**
**Thomas Clark, et al. v. Southwestern Energy Company, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB**
**Joint Motion for Approval of Liability Settlement**