IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| THOMAS CLARK, Individually and On Behalf of All Others Similarly Situated | § § § § § § § | |
| v. | | C. A. NO. 4:20-cv-475-KGB |
| SOUTHWESTERN ENERGY COMPANY | | |

**SOUTHWESTERN'S RESPONSE
TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES**

Defendant Southwestern Energy Company ("Southwestern") hereby submits this Response to Plaintiff Thomas Clark's ("Plaintiff") Motion for Costs and Attorneys' Fees (the "Fee Motion"), objecting to the total fee and cost award claimed by Plaintiff for the reasons set forth herein.

## I.    SUMMARY OF THE RESPONSE

1.    Plaintiff's counsel, Sanford Law Firm ("SLF") requests more than $28,000 in fees and costs, against a $16,000 liability-only settlement. This case was not complex, and little substantive work was performed. In short, Plaintiff's requested fee award should be substantially reduced for the following reasons:

   a. A significant portion of SLF's requested fee award concerns time spent on Plaintiff's unsuccessful claims against, and motions practice with, former defendant Flywheel, whom Plaintiff ultimately agreed to voluntarily dismiss because they had wrongfully included Flywheel in the lawsuit;

   b. SLF claims additional significant fees for drafting the First Amended Complaint ("FAC") (Dkt. No. 10) to remove the unsuccessful claim under the Arkansas Minimum Wage Act ("AMWA"), which was both time-barred and factually improper from the very outset;

   c. SLF seeks to recover fees at arbitrarily high hourly rates expressly rejected by numerous courts in the Eastern District of Arkansas, including this one; and,

   d. SLF's other requested fees include excessive time billed to Case Management, In-House Communications, and Fee Petition Preparation, all of which should be reduced consistent with this Court's prior opinion in *Smith v. Om Purshantam, LLC*, No. 4:18-CV-00797-KGB, 2021 WL 1230468 (E.D. Ark. Mar. 31, 2021) (reducing most categories of fees requested by 75% due to excessive time billed).

1

Southwestern is willing to pay reasonable attorneys' fees and costs. Plaintiff's current request, however, is simply unreasonable. Accordingly, Southwestern suggests that the Court instead order fees and costs in the amount of $10,000.00, which equates to an approximate 64% reduction from the requested award, or an approximate 74% reduction from SLF's claimed total fees and costs, for all of the reasons set forth herein.

## II.   ARGUMENT AND AUTHORITIES

**A.   A Significant Portion Of The Requested Fees Should Be Denied Because They Relate To Unsuccessful Claims Against, And Motions Practice With, Former Defendant Flywheel, Who Plaintiff Ultimately Agreed To Dismiss.**

2.   Plaintiff's fee award should be reduced by $6,370.50[1], the amount of fees attributable to unsuccessful motions practice with former defendant Flywheel Energy Management, LLC, whom even Plaintiff eventually conceded should never have been joined.

3.   When making requests for attorneys' fees, hours that are not "reasonably expended" must be excluded. *Beasley v. Macuils Tire & Serv. Ctr., LLC*, No. 4:19-CV-00471-JM, 2021 WL 11962570, at *2 (E.D. Ark. Sept. 17, 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. "[W]ork on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id*. at 435. "Congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id*.

4.   Here, the time spent by SLF in motions practice with Flywheel was not reasonably expended and was ultimately unsuccessful. It therefore should not be billed to Southwestern.

---

[1] Southwestern searched the submitted fees (Dkt. No. 74-1) for all references to Flywheel, which total this amount.

Specifically, Plaintiff's allegations in the FAC, and competent evidence provided to the Court by Southwestern, established that Plaintiff last worked for Southwestern **exclusively in West Virginia in 2017**, the latest time period relevant to Plaintiff's claims. (Dkt. No. 46 at pp. 7-8). Plaintiff never worked for Flywheel, whose only connection to this case is that it purchased some of Southwestern's assets **in Arkansas in December 2018**, a different geographic area and a full year after Plaintiff's separation from employment with Southwestern. (Dkt. No. 40 at p. 2). SLF's failure to conduct a basic preliminary investigation, which would have revealed the lack of connection to Flywheel, geographically and temporally, caused SLF to erroneously sue Flywheel, engage in pointless and expensive motions practice with Flywheel, only to ultimately concede that Flywheel never should have been joined, thus abandoning the claim. (Dkt. No. 41). SLF could not reasonably bill to its own client these unnecessary hours wasted in an unsuccessful pursuit of an improper defendant, yet now SLF seeks to recover fees for those hours by billing them to Southwestern. This improper billing should be rejected.

5.     Accordingly, the attorneys' fees associated with time spent in motions practice with Flywheel, which total $6,370.50, should be deducted from Plaintiff's requested fee amount.

**B.     Plaintiff's Fee Request Should Further Be Reduced By The Amount Of Fees Spent Amending The Complaint To Remove The Erroneous And Time-Barred Arkansas Minimum Wage Act Claim.**

6.     As with his unsuccessful FLSA claim against Flywheel, Plaintiff's fee request should further be reduced by $2,860.70[2], the amount spent amending the Complaint to remove the unsuccessful Arkansas Minimum Wage Act claim, which did not apply to Plaintiff's employment and was time barred at the time of filing.

7.     The AMWA has a two-year statute of limitations. Ark. Code. Ann. 11-4-218(g).

---

[2] Southwestern searched the submitted fees (Dkt. No. 74-1) for all references to researching, drafting, discussing, and filing the First Amended Complaint, which total this amount. Notably, this calculation is conservative because it does not include time spent originally drafting the AMWA claim, and claims against Flywheel, in the original Complaint.

3

The Complaint was filed on May 5, 2020, but according to Plaintiff's own allegations in the Complaint, Plaintiff last worked for SWN in November 2017. (Dkt. No. 1 at p. 4, ¶ 27). Moreover, as already established in this case, Plaintiff last worked for SWN in 2017 **exclusively in West Virginia**, meaning Plaintiff did not even have standing to assert a claim under the **Arkansas Minimum Wage Act** in connection with his prior West Virginia employment. (Dkt. No. 46 at pp. 7-8). Simply put, the AMWA claim should never have been brought, and Plaintiff was wholly unsuccessful on that claim, ultimately voluntarily dismissing it.

8. Curiously, however, SLF claims nearly $3,000.00 in fees related to amending the Complaint primarily to remove the AMWA claim. Moreover, SLF claims in the Fee Motion that "each task recorded was necessary to the resolution of this matter." (Dkt. No. 75 at p. 5). This is clearly incorrect where nearly $3,000.00 in fees are attributable to re-drafting the FAC to remove the unsuccessful AMWA claim, solely to correct for SLF's own errors. Work performed in connection with unsuccessful claims should not be billed to the opposing party, and therefore SLF should not be allowed to bill Southwestern for the time spent drafting the FAC to remove the AMWA claim. *Hensley*, 461 U.S. at 435.

9. The attorneys' fees attributable to Plaintiff's drafting of the FAC to remove the unsuccessful AMWA claim should not be assessed against Southwestern, and the fee request should be reduced by $2,860.70 as a result.

C. **Plaintiff's Requested Hourly Rates Are Excessive And Should Be Reduced.**

10. Plaintiff's requested fee award should also be reduced because Plaintiff seeks impermissibly high hourly rates for work primarily performed in 2020 and 2021, which rates have been rejected in several highly analogous cases from that same time period. Plaintiff's argument is that the rate should be increased to account for 2023 and 2024 rates, but the pay records show the majority of the work was performed earlier.

11. Numerous Arkansas federal courts, including this Court, have reduced the fee award requested by SLF in analogous cases because the hourly rates sought by SLF were too high, arbitrary, and unreliable. *Om Purshantam, LLC*, 2021 WL 1230468 at *4 ("the Court makes the 75 percent reduction to these overall categories of time entries to account for duplication ***and the high rates***") (emphasis added); *Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRWS, 2021 WL 11583464, at *3 (E.D. Ark. Sept. 8, 2021) (holding that "the requested rates are arbitrary and, therefore, unreliable"), aff'd, No. 21-3537, 2023 WL 4247395 (8th Cir. June 29, 2023).

12. In *Vines*, a decision issued by a sister court in the Eastern District of Arkansas on September 8, 2021, Judge Wilson reduced the hourly rates for numerous SLF attorneys because the claimed hourly rates were deemed arbitrary and unreliable. *Vines*, 2021 WL 11583464 at *3-5. Of particular note, Judge Wilson analyzed and compared the hourly rates claimed for specific attorneys in *Vines* with the hourly rates claimed by SLF for those same attorneys in several contemporaneous cases, finding that SLF sought higher rates for the same attorneys over the same time period. Critically, just as in *Vines*, many of those same attorneys performed the majority of the work in this case around the same time period, in 2020 and 2021, yet the rates claimed in this case for those attorneys are even higher than in *Vines*:

| **Attorney** | **Hourly Rate Claimed here** | **Hourly Rate Claimed in Vines** | **Hourly Rate Granted in Vines** |
|---|---|---|---|
| Josh Sanford | $383 | $325 | $250 |
| Lydia Hamlet | $285 | $175 | $150 |
| Vanessa Kinney | $300 | $250 | $175 |

13. Other courts in the Eastern District of Arkansas have come to similar conclusions about SLF rates being arbitrarily high, and have reduced SLF's rates for these same attorneys in-line with *Vines*. *See, e.g., Francis v. Gamdan Services LLC*, No. 4:22-cv-00094-BRW, 2022 WL 2990705, at *2 (E.D. Ark. Jul. 28, 2022) (reducing Sanford's rate from $383 to $250 per hour and setting no other attorney above $175 per hour); *Smiley v. Little Rock Donuts, LLC*, 4:20-CV-

00102-JM, 2021 WL 4302219, at *2 (E.D. Ark. Sept. 21, 2021) (reducing Sanford's rate from $383 to $250 per hour and Kinney from $300 to $175 per hour); *Beasley*, 2021 WL 11962570 at *3 (reducing Sanford's rate from $383 to $250 per hour and Kinney from $300 to $175 per hour). In his brief, Plaintiff claims that inflation justifies these increased rates in 2024, even though the work at issue was primarily performed in 2020 and 2021, and even where some of the rates requested are nearly double the rates ordered in contemporaneous 2021 cases like *Vines*.

14. Reducing the hourly rates consistent with *Vines* will make a meaningful difference in the overall fee request. For example, Hamlet alone accounts for more than $11,000.00 of the total fees requested, primarily because she is billed at the inflated rate of $285 per hour. If Hamlet's time were reduced to the $150 per hour awarded in *Vines*, her time would account for less than $6,000.00 in fees. Similarly, SLF's requested fees attributable to Kinney amount to more than $7,000 at the inflated $300 hourly rate, but would be roughly $4,100.00 at the $175 per hour rate ordered in *Vines*. It is further notable that, after Hamlet withdrew from this case in 2022, no attorney at SLF billed higher than $150 per hour in this matter until the drafting of the fee petition, demonstrating that the rates sought for Hamlet and Kinney's work are excessive, and the rates from *Vines* are appropriate and should be used. (Dkt. No. 74-1 at pp. 10-12).

15. For all of the foregoing reasons, Southwestern requests that the Court use the rates awarded in *Vines* for Sanford, Hamlet, and Kinney's work in this case, which alone would reduce the overall fee award by nearly $10,000.00.

**D.  Plaintiff's Fee Request Should Further Be Reduced Based On Excessive Amounts For Case Management And In-House Conferences, Fee Petition Preparation, and Costs.**

16. Finally, Plaintiff's fee request should further be reduced because it includes excessive, duplicative, and/or wasteful time in a number of billing categories.

17. <u>Case Management and In-House Conferences</u>. Federal courts in Arkansas, including this Court, have reduced fee awards to SLF where the fee bills included excessive time

attributable to case management and in-house conferences between SLF attorneys. For example, in *Om Purshantam, LLC*, this Court reduced such categories by 75% from the original fee amount because they were excessive. *See* 2021 WL 1230468 at *4. Here, SLF seeks case management and in-house conference fees of $1,475.50 and $4,018.80 respectively, or 20% of the total fees claimed in this case. SLF states that it voluntarily reduced its overall fees by approximately 30%, but provides no documentary support for this claimed reduction. (Dkt. No. 74-2 at pp. 16-18, ¶¶ 53-57). Even assuming SLF's claimed 30% reduction is true, this Court should reduce these categories further, because they represent an excessive percentage of the overall fees claimed. Southwestern requests that this Court reduce these fee categories by a total of 75%, as in *Om Purshantam*. This would result in a combined reduction of approximately $3,700.00.

18.     Fee Petition Preparation. In *Om Purshantam, LLC*, this Court noted that the time attributed to fee petition preparation was too high because it amounted to nearly 15% of the total fee request and much of the work was secretarial in nature and should not have been billed. *See* 2021 WL 12340468 at *5. This Court ultimately reduced the fee award for time spent on the fee petition by 75%, thereby reducing it to 3.75% of the total fee award in that case. *Id.*; *see also Smiley*, 2021 WL 4302219 at *4 (holding that a reasonable time for the fee petition amounted to only $525). Here, SLF seeks $1,900.00 of attorney time spent on the fee petition, or 6.9% of the total fee award requested. If the Court were to equally reduce this amount to 3.75% of the total fee award requested in this case, as in *Om Purshantam*, it would equal a reduction of approximately $900.00. Southwestern requests that the Court order this reduction.

19.     Costs. Plaintiff seeks $100 for "Service Fee to Jeff Barnett." (Dkt. No. 74-3). Costs for service fees are not recoverable under 28 U.S.C. § 1920. *Smiley*, 2021 WL 4302219 at *4; *Francis*, 2022 WL 2990705 at *4. This cost should be removed from the fee award.

## V.     CONCLUSION

For all of the foregoing reasons, Defendant Southwestern Energy Company respectfully requests that the Court reduce the award on Plaintiff's Motion for Costs and Attorneys' Fees. Based on the above, Southwestern proposes that Plaintiff's reasonable award for attorneys' fees and costs be reduced to the amount of $10,000.00.

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Rachel Powitzky Steely*
    Val J. Albright
    AR Supreme Court #: 77512
    2021 McKinney Avenue, Suite 1800
    Dallas, Texas 75201-3340
    Telephone:   (214) 999-3000
    Facsimile:   (214) 999-4667
    valbright@foley.com

    Rachel Powitzky Steely (*Pro Hac Vice*)
    Federal Bar No. 19170
    1000 Louisiana Street, Suite 2000
    Houston, Texas 77002-5007
    Telephone:   (713) 276-5500
    Facsimile:   (713) 276-5555
    rsteely@foley.com

**ATTORNEYS FOR DEFENDANT
SOUTHWESTERN ENERGY COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 30, 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of court using the CM/ECF system which sent notification of such filing and service upon the following counsel of record:

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211

*Counsel for Plaintiff*
*Thomas Clark*

              */s/ Rachel Powitzky Steely*
              Rachel Powitzky Steely

4856-7705-8975.3