IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**THOMAS CLARK, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            Case No. 4:20-cv-475-KGB

**SOUTHWESTERN ENERGY COMPANY**            **DEFENDANT**

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Defendant's Response to Plaintiff's Motion for Costs and Attorneys' Fees ("Response") (ECF No. 78) devotes more energy to citing opinions in which courts have found reasons to reduce fees requested by Sanford Law Firm, PLLC ("SLF") than to actually analyzing hourly rates and billing entries. As noted by the Western District of Arkansas, "Fee requests pursuant to fee shifting statutes are entirely fact specific to the case and attorney time claimed for a specific service rendered," and therefore "[b]ecause the attorney fee request of the [SLF] was reduced in a previous case is of little relevance with this case." *Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *6 (W.D. Ark. Mar. 23, 2021). In any event, viewed both independently and through the lens of prior fee awards, Plaintiffs' request for costs and fees is reasonable, and Plaintiffs' Motion for Costs and Attorneys' Fees ("Motion for Fees") should be granted in its entirety except for any specific reductions agreed to herein.

Page 1 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

A. <u>SLF's billing related to claims against Flywheel is reasonable, but SLF will reduce their request as a show of good faith.</u>

Defendant argues that SLF should not receive any fees for work it expended on pursuing a claim against Flywheel. Specifically, Defendant seeks a reduction in fees of $6,370.50, an amount the Defendant arrived at by eliminating every billing line item that contained the word "Flywheel."

As to whether the time expended on litigation against Flywheel was justified, "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990); *see also Jenkins*, 115 F.3d 554 (8th Cir. 1997) (noting that the "court's focus should not be limited to the success/failure of each of the attorney's actions," but rather whether the actions were reasonable at the time). Although Flywheel was eventually dismissed, the initial filing was reasonable—as Defendant notes in its Response, Flywheel purchased assets from Defendant in Arkansas, which could reasonably have included Defendant's liability. Naming Flywheel as a defendant was therefore reasonable at the time and "in pursuit of the ultimate result achieved." *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983). As such, these hours were "reasonably expended" and should be included in SLF's fee award. *Beasley v. Macuils Tire & Serv. Ctr., LLC,* No. 4:19-CV-00471-JM, 2021 WL 11962570, at *2 (E.D. Ark. Sept. 17, 2021) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Even if this Court does not find that the time spent pursuing Flywheel as a defendant was not reasonably expended, Defendant's method of eliminating billing entries is erroneous. Notably, Defendant did not go through each billing entry to assess

Page 2 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

whether the time was reasonably expended. Rather, Defendant stated, "Southwestern searched the submitted fees . . . for all references to Flywheel, which total [$6,370.50]," the amount of the proposed reduction. However, "[a]ttorneys' fees may be awarded for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined and involve a common core of facts or are based on related legal theories.'" *Holick v. Cellular Sales of N.Y., LLC,* No. 1:12-CV-584 (DJS), 2021 U.S. Dist. LEXIS 47393, at *5-6 (N.D.N.Y. Mar. 15, 2021) (quoting *Williams v. Epic Sec. Corp.,* 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019)). By failing to evaluate each billing entry, Defendant ignored this well-settled rule.

In eliminating every entry where "Flywheel" appears, Defendant removes billing entries which are inextricably intertwined with work that SLF performed on claims against Defendant (which SLF is inarguably entitled to). For example, on May 22, 2021, Attorney Kinney reported that she "reviewed prior filings and exhibits, search[ed] Southwestern [Energy] status, and assessed issues of releasing [F]lywheel as [a] defendant," billing 2.1 hours. See ECF 74-1, p. 7. By removing wholesale any entries that reference Flywheel, Defendant fails to account for the "inextricably intertwined" nature of the litigation prior to dismissing Flywheel as a defendant. Plaintiff carefully reviewed each entry before including it in their fee request; the same cannot be said of Defendant before filing an opposition, despite the fact that Defendant has the burden to identify any unreasonable billing. *Moreno v. City of Sacramento,* 534 F.3d 1106, 1116 (9th Cir. 2008).

Nevertheless, because Plaintiff agreed to dismiss Flywheel prior to the settlement, and as a show of good faith, Plaintiff will reduce his request for attorneys'

Page 3 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

fees by $4,459.35, which is 70% of $6,370.50 (i.e., the reduction requested by Defendant in relation to the Flywheel billing entries).

B. <u>SLF's billing related to the AMWA claim is likewise reasonable, but SLF will reduce their request as a show of good faith.</u>

Defendant engaged in the same process for removing AMWA billing entries as it did for Flywheel entries, i.e. simply eliminating any billing entry that referenced the First Amended Complaint. ECF 78 at 3. Again, Defendant failed to conduct the line-by-line scrutiny that is necessary to fulfill their burden of rebutting Plaintiff's fee request. *Moreno,* 534 F.3d at 1116. However, Plaintiff will reduce his request for attorneys' fees by $2,002.49, which is 70% of Defendant's requested reduction on this issue.

C. <u>SLF's requested hourly rates are reasonable and should be awarded.</u>

In arguing that SLF's hourly rates should be reduced, Defendant relies on prior cases in which courts reduced SLF's requested hourly rates. However, this is not the legal standard for a fair assessment of reasonable hourly rates. As SLF has been instructed, "[p]rior awards are not direct evidence of market behavior; the court is not a legal souk." *Huffman v. Associated Mgmt.*, No. 4:20-cv-01296-BRW, 2021 U.S. Dist. LEXIS 136415, at *4 (E.D. Ark. July 22, 2021) (quoting *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000)). While prior awarded hourly rates may be instructive, Plaintiff need only present rates based on a reasonable market assessment, which Plaintiff has done.

In an attempt to disregard Plaintiff's argument that both inflation and increased experience should naturally increase an attorney's rate over time, Defendant argues that the hourly rates should be reduced because the "work at issue was primarily performed in 2020 and 2021," and therefore (Defendant claims) the hourly rates should

Page 4 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

be equivalent to the rates awarded around the time of *Vines v. Welspun Pipes, Inc.,* No. 4:18-CV-00509-BRWS, 2021 WL 11583464 (E.D. Ark. Sept. 8, 2021). It is well settled that the hourly rate awarded in an FLSA fee petition is the rate that an attorney bills at the time fees are being assessed, not the rates used during the litigation. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) ("The hourly rate at which compensation is awarded should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed.").

Additionally, rather than identifying specific rates for SLF's attorneys and stating a proposed fee amount as a result of these new rates, Defendant instead provides a piecemeal and incomplete picture of what each attorney "should have" billed. For example, Defendant states that Attorney Hamlet's time should "account for less than $6,000 in fees" and that Attorney Kinney's time should "be roughly $4,100." ECF 78 at 6. Defendant implies that Attorney Sanford's rate should be similarly reduced but does not provide any clue as to a total amount. Defendant instead seems content to make generalized complaints and let either the Court or Plaintiff do the heavy lifting.[1]

D. <u>Defendant has not shown that the time spent on Case Management, In-House Conferences, or Fee Petition Preparation was unreasonable or excessive</u>.

In objecting to Case management and In-House Conferences, rather than identifying specific line items with Defendant finds objectionable or excessive, Defendant again relies entirely on prior rulings as to SLF's fee awards. Without pointing to a single billing entry as an example of an alleged inappropriate entry, Defendant

---

[1] As noted in Plaintiff's Brief, if this Court finds different rates appropriate for SLF's attorneys, SLF is ready to assist with recalculating the lodestar.

Page 5 of 10
**Thomas Clark, et al. v. Southwestern Energy Company**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

seeks a 75% reduction in Case Management and In-House Conferences on the basis that prior cases have done similarly.

Defendant's approach again ignores the well-settled rule that "[f]ee requests pursuant to fee shifting statutes are entirely fact specific to the case and attorney time claimed for a specific service rendered," and therefore "[b]ecause the attorney fee request of the Sanford Law Firm was reduced in a previous case is of little relevance with this case." *Rodriguez v. George's, Inc.,* No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *6 (W.D. Ark. Mar. 23, 2021). This one single rule eviscerates Defendant's entire argument, as that is the sole premise on which Defendant's argument is built.

Additionally, Plaintiff's billing related to case management and in-house conferences is eminently reasonable. As noted in Plaintiff's Brief, Plaintiff already substantially reduced billing entries related to these categories. *See* ECF No. 75, Plaintiff's Brief in Support of Fees and Costs at 8 ("[E]fforts were made to remove all 'In House Communication' billing for any attorneys and support staff other than the managing attorneys. . . . This allows Plaintiff to receive the benefit of conferences between SLF attorneys and staff without passing additional cost on to Defendants."). After self-auditing, Plaintiff's seeks 8 hours related to case management and 15.1 hours related to in-house counsel communication. Over the life of the case (since the initial filing date of May 5, 2020), this amounts to approximately eleven minutes of case management per month and approximately twenty minutes of in-house counsel communication per month. These numbers are entirely fair—indeed, it is difficult to know how an attorney could properly litigate a case if he or she was required to spend less time per month in case management and discussion with co-counsel.

Page 6 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Defendant's objection to the time spent on the fee petition is just as unsupported as the rest of its briefing. In fact, Defendant's only argument on the matter is that SLF's work on a fee petition in a prior case was reduced to 3.75% of the total fee award (down from 15%). *See Smith v. Om Purshantam, LLC,* No. 4:18-CV-00797-KGB, 2021 WL 1230468 (E.D. Ark. Mar. 31, 2021). This sort of decontextualized math is not helpful because each fee petition is assessed individually, and Defendant has provided no reason why the *Om Purshantam* ruling should control in this case. *See Rodriguez*, 2021 U.S. Dist. LEXIS 53997, at *6. Here, SLF seeks $1,900 for time spent on the fee petition, which is (as Defendant notes) 6.9% of the total fee award requested. Defendants have not shown that 7.6 hours is an excessive amount of time to devote to preparing the fee petition, which includes preparing the briefing and supporting declaration, as well as reviewing, categorizing and making appropriate deductions to billing. As demonstrated by cases such as *Vines v. Welspun Pipes, Inc.,* No. 4:18-cv-509-BRW (E.D. Ark., Filed June 9, 2020), ECF No. 95, courts take billing very seriously, making proper management of billing a very important part of the fee petition process.

E. <u>Plaintiff is entitled to service fees.</u>

Defendant erroneously claims that service fees are not recoverable under 28 U.S.C. § 1920, which lists costs that are recoverable and does not include process server costs. However, the statutory authorization for an award of costs under the FLSA is found in 29 U.S.C. § 216(b) which simply states that the employee is entitled to "costs of the action."[2]

---

[2] Private server costs have been awarded in many cases. See e.g., Wolfe, No. 4:20-cv-156-LPR, Doc. No. 40, p. 1; Hill-Smith v. Silver Dollar Cabaret, Inc., No. 5:20-cv-5051-TLB, Doc. No. 16 (W.D. Ark., Aug. 14, 2020); Vines v. Welspun Pipes, Inc., No. 4:18-cv-509-BRW, Doc. No. 95 (E.D. Ark., June 9, 2020); Bryan v. Miss. Cnty., Arkansas, No. 3:18-cv-130-DPM, Doc. No. 68 (E.D. Ark., May 12,

Page 7 of 10
**Thomas Clark, et al. v. Southwestern Energy Company**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

F.  <u>Plaintiff is entitled to additional fees and costs for the work on this Reply.</u>

Because Defendant chose to litigate aggressively over fees, Plaintiff is also entitled to a reasonable fee for filing the current Reply. *See Lopez-Easterling v. Charter Communs. LLC*, No. 2:14-cv-01493-RDP, 2017 U.S. Dist. LEXIS 206490, at *11 (N.D. Ala. Dec. 15, 2017) ("But considering Defendant's 'contest everything' approach in this litigation, Plaintiff's counsel cannot be faulted for carefully supporting the fee petition with evidentiary support. 'It takes two to tango, and tango [Charter] did.'" (editing marks in original)). Plaintiffs' counsel incurred an additional $1,200.00 in fees preparing this Reply. This Court should award the amount requested in Plaintiffs' fee petition, modified as described in sections A and B, in addition to $1,200.00 for the work on this Reply.

G.  <u>Conclusion</u>

Defendant concludes its Response by proposing that Plaintiff's attorney's fees and costs be reduced to $10,000 but provides no calculations as to how it arrived at this suspiciously round number—once again implicitly demanding that Plaintiff or the Court do the heavy lifting when it comes to the actual numbers. At various points in its Response, Defendant requested the following deductions:

$6,370.50 for billing entries related to Flywheel;

$2,860.7 for billing entries related to the First Amended Complaint;

---

2020); Olsen v. Clay Cnty., Arkansas, No. 3:18-cv-129-BSM, Doc. No. 28 (E.D. Ark., Apr. 20, 2020); O'Quinn v. Country Inn, Inc., No. 6:18-cv-6025-RTD, Doc. No. 53 (W.D. Ark., Sept. 24, 2019); Cook v. Beemac Foods, LLC, No. 1:18-cv-2155-PKH, Doc. No. 24 (W.D. Ark., June 10, 2019); Franklin v. Magnolia Flooring Mill, LLC, No. 1:17-cv-1073-SOH, Doc. No. 61 (W.D. Ark., June 10, 2019); Marshall v. MWF Construction, LLC, No. 4:18-cv-254-BSM, Doc. No. 29 (E.D. Ark., May 31, 2019); Coates v. Dassault Falcon Jet Corp., No. 4:17-cv-372-JLH, Doc. No. 170 (E.D. Ark., May 8, 2019); Aubrey v. Zamam, LLC, No. 4:17-cv-446-JLH, Doc. No. 58 (E.D. Ark., Nov. 29, 2018); Miller v. Centerfold Entertainment Club, Inc., No. 6:14-cv-6074-PKH, Doc. No. 79 (W.D. Ark., Sept. 11, 2017); Jones v. RK Enterprises of Blythville, Inc., No. 3:13-cv-252-BRW, Doc No. 73 (E.D. Ark., Mar. 21, 2016).

Page 8 of 10
**Thomas Clark, et al. v. Southwestern Energy Company**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

$3,700 for billing entries related to Case Management and In-House conferences (with no explanation as to which billing entries should be removed);

$900 for billing entries related to drafting the Fee Petition (again with no explanation as to which billing entries should be removed); and

$100 for process server costs.

When subtracting these amounts from Plaintiff's initial fee request of $28,340.05, this leaves $14,408.85. Plaintiff assumes the final $4,408.85 that Defendant seeks to reduce is attributable to Plaintiff's allegedly high attorney fee rates, even though Defendant asserted that Attorney Hamlet's rates resulted in around $5,000 extraneous fees and Attorney Kinney's rates resulted in "roughly" $2,900 extraneous fees—these additional reductions do not, of course, explain the final calculation of $10,000.

Defendant simply provides no justification for its request. In the context of settled case law, Defendant's arguments fall far short. The Supreme Court directs that there is a "strong presumption" in favor of the lodestar and direction that deviations from the lodestar should occur only in "rare" circumstances. *See Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). The work performed by counsel for Plaintiff in this case was reasonable and necessary to achieve the judgment reached on behalf of Plaintiff.

For the reasons set forth above, Plaintiff's request for fees and costs should be granted in its entirety apart from the concessions noted in sections A and B (totaling $6,461.84, or 70% of the reductions Defendant requested related to allegedly

Page 9 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

unsuccessful claims). After accounting for this reduction and the additional request for billing incurred on this Reply, Plaintiffs' total request for fees and costs is $23,078.21.

        Respectfully submitted,

        **THOMAS CLARK, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

        Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 10 of 10
Thomas Clark, et al. v. Southwestern Energy Company
U.S.D.C. (E.D. Ark.) No. 4:20-cv-475-KGB
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**